UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-21104-Civ-COOKE

MAURICE SYMONETTE, *et al.*,

    Plaintiffs,

v.

DADE COUNTY, *et al.*,

    Defendants.

_____/

## ORDER DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND DISMISSING CASE

THIS MATTER is before me on Plaintiff Maurice Symonette's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 3).[1] I have reviewed Plaintiffs' filings and the relevant legal authority. For the reasons provided herein, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is denied and the Complaint is dismissed.

### I.    BACKGROUND

Plaintiffs Maurice Symonette, Alfred Davis, James Buckman, and Jerimiah Parham bring this suit alleging fourteen causes of action relating to the foreclosure of a property located at 3320 NE 165th St, North Miami Beach, FL (the "Property"). Mr. Symonette and two other individuals initially filed suit regarding this property in 2012. *See Symonette, et al., v. JP Morgan Chase Bank, et al.*, Case No. 12-21618-MGC.[2] In that proceeding, the plaintiffs alleged several causes of action, including unlawful eviction, trespassing, police misconduct, and theft. *See* 12 ECF No. 1. The case was ultimately voluntarily dismissed by the plaintiffs. *See* 12 ECF No. 32. In 2013, Mr. Symonette, Mr. Davis, and Mr. Buckman, along with two other plaintiffs, filed suit against JP Morgan Chase Bank alleging wrongful foreclosure,

---

[1] There are a total of four Plaintiffs proceeding *pro se*; however, only Mr. Symonette has filed an Application to Proceed in District Court without Prepaying Fees or Costs. None of the Plaintiffs has paid the requisite filing fee.

[2] Docket entries in Case No. 12-21618-MGC are denoted as "12 ECF No."

1

RESPA and TILA violations, fraud and concealment, and more, again all surrounding the foreclosure of the Property. *See Marin v. JP Morgan Chase Bank*, Case No. 13-23220-MGC.[3] In that case, I granted the defendants' motion to dismiss and dismissed the complaint with prejudice, finding that the *Rooker-Feldman* doctrine[4] barred the plaintiffs' claims. 13 ECF No. 22. In 2015, the same plaintiffs from the 2013 case filed a new lawsuit, adding some new defendants, but again challenging the foreclosure and alleging related causes of action. *See Marin, et al., v. North Miami Beach Police Dep't., et al*, Case No. 15-23915-KMW.[5] Judge Williams granted the defendants' motion to dismiss, finding the *Rooker-Feldman* doctrine applied to bar plaintiffs' fifteen[6] claims and that plaintiffs had failed to state a claim even under the relaxed pleading standards afforded *pro se* litigants. 15 ECF No. 22. In her order, Judge Williams noted that the plaintiffs had engaged "in a systematic campaign of filing frivolous, vexatious, abusive, and harassing lawsuits" against the defendants. *Id.* The plaintiffs' complaint was dismissed with prejudice. *Id.* Then again in 2016, Mr. Symonette and two other plaintiffs filed a new lawsuit alleging wrongful foreclosure, violation of Fla. Stat. 119.11(4), violation of "Obama's Protecting Tenants at Foreclosure Act of 2009," and fraud and concealment, all claims raised in the instant Complaint. *See Marin, et al., v. Washington Mutual Bank F.A., et al.*, Case No. 16-21085-JEM.[7] Judge Martinez adopted Judge Goodman's Report and Recommendations recommending *sua sponte* dismissal because the matter was barred pursuant to—yes, once again—the *Rooker-Feldman* doctrine. *See* 16 ECF Nos. 10, 11. Not to be deterred, Mr. Symonette, Mr. Buckman, and two other plaintiffs filed another complaint in 2017 alleging the same causes of action as the 2016 complaint, but adding a cause of action for "violation of bankruptcy." *See Marin, et al., v. Washington Mutual Bank F.A., et al.*, Case No. 17-22478-FAM.[8] Judge Moreno dismissed plaintiffs' complaint after reviewing their motion for leave to proceed *in forma pauperis*,

---

[3] Docket entries in Case No. 13-23220-MGC are denoted as "13 ECF No."
[4] Under the *Rooker-Feldman* doctrine, a federal district court generally lacks jurisdiction to review final judgments of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923).
[5] Docket entries in Case No. 15-23915-KMW are denoted as "15 ECF No."
[6] It appears the majority of the fifteen claims asserted in the 2015 complaint are similar or the same as the causes of action asserted in the instant Complaint.
[7] Docket entries in Case No. 16-21085-JEM are denoted as "16 ECF No."
[8] Docket entries in Case No. 17-22478-JEM are denoted as "17 ECF No."

finding the *Rooker-Feldman* doctrine barred their claims. *See* 17 ECF No. 8.

## II.   LEGAL STANDARD

A court shall dismiss a case filed *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The facts pleaded in a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the "short and plain statement of the claim" in the complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). However, the leniency shown to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds*, *as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.*, 399 F. App'x. 563, 565 (11th Cir. 2010) (unpublished) (citations omitted).

## III.   DISCUSSION

The instant case includes a brand new Plaintiff, Jerimiah Parham, as well as some new causes of action. However, the Complaint is still repetitive, rambling, and largely indecipherable. Plaintiffs' claims are again barred by the *Rooker-Feldman* doctrine. *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). This doctrine also encompasses claims that are

"inextricably intertwined" with a state court judgment. *Id.* "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Siegel v. LePore,* 234 F.3d 1163, 1172 (11th Cir. 2000). The majority of Plaintiffs' claims, Counts II through XIII, are inextricably intertwined with the state court foreclosure proceeding, most especially because Plaintiffs request the foreclosure of the Property be declared illegal.

To the extent Plaintiffs have alleged new causes of action that were unavailable at the time of the foreclosure proceeding, such as their claims of violation of SEC GAAP Rules and FDIC Purchase and Assumption Agreement (Counts I and XIV), Plaintiffs' Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Complaint sets forth several statements, they do not collectively establish, or put Defendants on notice, of any viable causes of action Plaintiff intends to pursue. *Twombly*, 550 U.S. at 555; *see also Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"). The Complaint states, "According to the GAAP FASB FAS 140 Rule says that when a NOTE is sold on the Market as a Security the NOTE must be burned and Destroyed and can never be used as a foreclosure instrument because that is SEC Fraud . . . ." It then goes on to say, "BIBLE LAW Proverbs 22:27-28 don't be a mean man who loans Money and when not paid back take the bed from under our back (PROPERTY) AT THE SEVENTH YEAR JUBILEE YOU FORGIVE THE LOAN (TAX W RIGHTE 0FF AS A LOSS) YOU CAN'T TAKE THEIR PROPERTY THE BANK GOT THERE PAY 0FF and the Judges are allowing this Piratcy Nehemiah 5:1-8 oh Kings REPENT." Even if the SEC GAAP Rules and FDIC Purchase and Assumption Agreement existed as a private cause of action, this surely fails to state a claim under either.

Accordingly, I find that Plaintiff's Complaint is frivolous and does not contain "an arguable basis in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV.   CONCLUSION

For the aforementioned reasons, Mr. Symonette's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 3) is **DENIED**. Counts II through XIII of

Plaintiff's Complaint (ECF No. 1) are **DISMISSED** *with prejudice*. Counts I and XIV are **DISMISSED** *without prejudice*. The Clerk of Court shall **CLOSE** this matter. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 10th day of April 2018.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
*Maurice Symonette*, pro se
*Alfred Davis*, pro se
*James Buckman*, pro se
*Jerimiah Parham*, pro se